D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| JOSE RESTREPO on behalf of himself and others similarly situated, | CASE NO. |
| Plaintiff, | **COMPLAINT and JURY TRIAL DEMAND** |
| v. | |
| FRATELLI ITALIANI, LLC, d/b/a DA MARINO RESTAURANT and KAVITA JAGNARINE, | **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |
| Defendants. | |

-----------------------------------------------------------x

Plaintiff Jose Restrepo allege as follows:

## JURISDICTION AND VENUE

1.   This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Fratelli Italiani, LLC is a New York Corporations that owns and operates Da Marino restaurant (the "Restaurant") in New York's Theater District.

4. Defendant Fratelli Italiani, LLC has an annual gross volume of sales in excess of $500,000.

5. Defendant Fratelli Italiani, LLC is solely owned, and its operations are conducted, by Defendant Kavita Jagnarine (together with Fratelli Italiani, LLC, "Defendants").

6. Defendant Kavita Jagnarine has actual ultimate authority with respect to hiring and firing decisions, discipline, and payroll practices at the Restaurant.

7. Defendant Kavita Jagnarine comes to the Restaurant several times per week to oversee day-to-day operations and discuss operations with the Restaurant's general manager.

8. Plaintiff Jose Restrepo was employed as a busser at Da Marino from about March 2018 to about February 2019.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, not including service managers, employed by Defendants on or after the date that is three years before the filing of this Complaint ("FLSA Collective").

10. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and

are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them the legally required overtime wage for all hours worked over forty (40) hours in a workweek and willfully retaining portions of FLSA Collective Plaintiffs' tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

12. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees, other than service managers, employed by Defendants on or after the date that is six years before the filing of this Complaint (the "Class Period").

13. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

14. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than forty (40) members of the Class.

15. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime, spread of hours, tip misappropriation, and failing to provide Class members with required wage notices. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

5

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work.

c) The policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members at all.

d) Whether Defendants paid Plaintiff and the Class members the appropriate minimum wage for all hours worked.

e) Whether Defendants paid Plaintiff and the Class members the appropriate overtime wage for all overtime hours worked.

f) Whether Defendants gave Plaintiff and the Class members the wage statements and notices required by New York Labor Law § 195 and the New York Hospitality Wage Order.

g) Whether Defendants illegally retained Plaintiff Class Member's tips and misappropriated them to management and coffee preparers.

h) Whether Defendants failed to Plaintiff and Class Members "spread of hours" pay when their shifts lasted longer than 10 hours.

## FACTS

20. Plaintiff's consent to sue form is attached hereto as Exhibit A.

21. Plaintiff was paid an hourly rate that is lower than the New York State minimum wage during his employment by Defendants.

22. Plaintiff was in fact paid New York's "tip credit" minimum wage.

6

23. Defendants were not entitled to pay Plaintiff the tip credit minimum wage because they did not provide him with the written notice of the tip credit required under New York law.

24. Plaintiff typically worked at least 3 dinner shifts and 2 double shifts per week.

25. Dinner shifts began at 4:00 p.m. and often ended later than 1:00 a.m., with a half hour meal break.

26. Double shifts began at 10:30 a.m. and ended at about 8:30 or 9:00 p.m. with a half hour meal break.

27. Thus, in weeks when Plaintiff worked his typical schedule of 3 dinner shifts and 2 double shifts, he worked at least 44.5 hours.

28. However, Defendants did not pay Plaintiff at all for hours worked in excess of 40 per week.

29. Defendants did not pay Plaintiff New York's "spread of hours" premium when his shifts lasted longer than 10 hours, which happened almost every time he worked a double shift.

30. Defendants required service employees, including Plaintiff, to share their tips in a tip pool.

31. Defendants illegally included management in the tip pool. For example, a manager named Alfonso, who hired and supervised Plaintiff, often was part of the tip pool.

32. On Fridays, Saturdays, and Sundays, Defendants also required service employees to share tips with an individual whose sole duty was to prepare coffee and who did not interact at all with customers during such shifts.

33. Defendants did not provide Plaintiff with the wage notice required by N.Y. Lab. L. § 195(1).

34. Defendants did not provide Plaintiff with the wage statements required by N.Y. Lab. L. § 195(3). For example, the paystubs Defendants provided did not list Plaintiff's actual hours worked or accurately state the tip credit applied to Plaintiff's wages.

35. Defendants committed the foregoing acts willfully and against Plaintiff, the FLSA Collective Plaintiffs, and the Class.

## FIRST CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. § 207
### Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs

36. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

37. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

38. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

39. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff and Class members at one-and-one-half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff and the FLSA Collective Plaintiffs have been and are entitled to overtime.

40. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as

provided by the FLSA for overtime violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.*, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs

41. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

42. Throughout the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiff and the FLSA Collective Plaintiffs.

43. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### New York State Minimum Wage Act, New York Labor Law § 650 *et seq.* Brought by Plaintiff on Behalf of Himself and the Class Members

44. Plaintiff, on behalf of himself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

45. Defendants knowingly paid the Plaintiff and members of the Class less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

46. Defendants did not pay Plaintiff and members of the Class minimum wage for all hours worked.

47. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
### New York Overtime Violations
### N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4
### Brought by Plaintiff on Behalf of Himself and the Class Members

48. Plaintiff, on behalf of himself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

49. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

50. Throughout the Class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate of one-and-one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

51. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
### New York Spread of Hours Violations
### N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6
### Brought by Plaintiff on Behalf of Himself and the Class Members

52. Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

53. Through the relevant period, Plaintiff and Class members regularly worked double shifts that spanned over ten hours in a day.

54. Defendants did not keep records of all of Plaintiff's and Class members' hours and did not pay them the required "spread of hours" compensation when required by New York Labor Law.

55. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### SIXTH CLAIM FOR RELIEF
### New York Notice Requirements, N.Y. Lab. L. §§ 195, 198
### Brought by Plaintiff on Behalf of Himself and the Class Members

56. Plaintiff, on behalf of himself and the members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

57. Defendants did not provide Plaintiff and the members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195.

58. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

### SEVENTH CLAIM FOR RELIEF
### Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d
### Brought by Plaintiff on Behalf of Himself and the Class Members

59. Plaintiff, on behalf of himself and the Class Member, reallege and incorporate by reference all previous paragraphs.

60. Defendants retained gratuities and/or required Plaintiff and the Class Members to share their gratuities with managers and non-service employees.

61.  Plaintiff, on behalf of himself and the Class Members, seeks damages in the amount of their respective withheld gratuities, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. An award of damages, according to proof, including back pay, front pay, punitive damages, and liquidated damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiff as the Representative of the FLSA Collective Plaintiffs;

D. Designation of this action as a class action pursuant to F.R.C.P. 23;

E. Designation of Plaintiff as the Representative of the Class;

F. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

G. An award of damages, according to proof;

H. Penalties available under applicable laws;

I. Costs of action incurred herein, including expert fees;

J.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663, and other applicable statutes;

K.      Pre-judgment and post-judgment interest, as provided by law; and

L.      Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
July 15, 2019

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: */s/ D. Maimon Kirschenbaum*  
D. Maimon Kirschenbaum  
32 Broadway, Suite 601  
New York, NY 10004  
Tel: (212) 688-5640  
Fax: (212) 688-2548

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

# Exhibit A

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Fratelli Italiani LLC and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

*Jose Restrepo*
Full Legal Name (Print)

*[signature]*
Signature

7-15-219
Date