## JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 |
| D. Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |

January 21, 2020

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Restrepo v. Fratelli Italiani, LLC*
         No.: 19-cv-6606

Dear Judge Engelmayer:

  We represent the Plaintiff in the above-referenced matter. I write to respectfully request that the Court approve the parties' settlement of this Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") case as fair and reasonable, so order the parties' stipulation of dismissal with prejudice, and retain jurisdiction to enforce the parties' settlement agreement. The parties' executed settlement agreement is submitted herewith as Exhibit 1  The executed stipulation of dismissal is attached as Exhibit A to the settlement agreement, and an executed stipulation and consent judgment is attached as Exhibit B to the settlement agreement.

  Plaintiff filed the Complaint in this Action on July 16, 2019. The Complaint in this case alleges that Defendants: (1) paid Plaintiff less than the full minimum wage without giving him proper notice of the tip credit as required by N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2; (2) failed to pay Plaintiff the requisite overtime premium for all hours worked over 40 per week, as required by the FLSA and NYLL; (3) failed to pay New York's "spread of hours" premium, as required by N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6; (4) failed to provide Plaintiff with the wage notices and wage statements required by N.Y. Lab. Law § 195; and (5) illegally retained portions of Plaintiff's tips. The parties agreed to settle this case for a total of $16,250, to be paid in four monthly installments.

  Under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), a court must determine whether an FLSA settlement is fair and reasonable. Relevant factors include

> (1) the plaintiffs' range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faces by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted). Applying these factors, the settlement is fair and reasonable.

The Parties agreed to settle this for $16,250. Plaintiff estimates that his "hard damages" *i.e.,* the total amount of unpaid tip credit, overtime, and wrongfully withheld tips, total in the range of $10,600 ($3,500 in unpaid tip credit, based on pay records; $2,500 in unpaid overtime, based on Plaintiff's estimate of his hours worked; and $4,600 in withheld tips, based on Plaintiff's estimate). In addition, Plaintiff could have recovered liquidated damages equal to his unpaid wages and tips and $10,000 for violations of NYLL § 195.

The settlement is favorable to Plaintiff. Plaintiff will walk away – after attorneys' fees – with virtually all his hard damages, without having to endure the difficulties, time, and effort involved in full-blown litigation. Plaintiff could not foretell exactly how a litigation and/or Defendants' denial of his claims would play out. While Plaintiff feels confident that his claims are meritorious on all fronts, he made a calculated decision to take a settlement of 1.5 times his hard damages at a very early stage of this case without the bother and inherent risks of litigation.

Counsel for both sides went through several rounds of negotiations. As the negotiations progressed, we made clear that we could not settle Plaintiff's claims unless he recovered all of his hard damages *after* attorneys' fees. Thus, the settlement was negotiated at arms-length and was not collusive. Moreover, the settlement agreement does not contain any confidentiality or non-disclosure provisions. Nor is there a broad release provision – Plaintiff has released Defendants only from federal and state wage and hour claims asserted in or relating to this action. The Agreement's proposed consent judgment also protects Plaintiff from the possibility of Defendants' default over the course of their payment plan. *See*, *e.g.*, *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 U.S. Dist. LEXIS 5366 (S.D.N.Y. Jan. 5, 2016).

In light of the very good recovery that this settlement provides Plaintiff, there are no policy reasons that warrant rejecting the settlement, and the settlement should be approved as fair and reasonable.

The settlement provides for reasonable attorneys' fees and costs to Plaintiffs' counsel. Under the settlement agreement, Plaintiffs' counsel will receive $544.20 as reimbursement of costs,[1] and slightly under one-third of the remainder of the settlement – or $5,235.20 – as attorneys' fees. The proposed fee award of one-third of the after-costs settlement amount should be approved because it was consensual, agreed to by Plaintiff in his contingency fee engagement agreement, and is consistent with fee arrangements routinely approved in FLSA settlements in this Circuit. *See, e.g.*, *Benavides v Serenity Spa NY, Inc*., No. 15-CV-9189, 2018 U.S. Dist. LEXIS 88331, at *10 (S.D.N.Y. May 25, 2018) (Cott, J.) (FLSA settlements "typically result in one-third of the settlement allotted for fees.").

---

[1] Plaintiffs' counsel seeks reimbursement for the following costs: the $400 filing fee and $144.20 in expenses incurred in serving the complaint on Defendants.

A "lodestar" crosscheck supports the reasonableness of the requested one-third fee amount in this case. Plaintiff's counsel's lodestar is $4,200 as set forth in the chart below, which summarizes the time from counsel's contemporaneous time records.

| Biller | Hours | Rate | Total |
|---|---|---|---|
| D. Maimon Kirschenbaum[2] | 6.5 | $450.00 | $3,150.00 |
| Leah Seliger[3] | 3.0 | $350.00 | $1,050 .00 |
| **Total:** | | | $4,200 |

Counsel's requested one-third fee award amounts to a 1.25 multiplier of counsel's lodestar. This amount is objectively reasonable, particularly in light of the efficient result counsel was able to obtain in an expedient manner and the consensual nature of the one-third agreement. *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (awarding fee amounting to a 2.28 multiplier of modified lodestar calculation and noting that a "multiplier near 2 compensates [plaintiffs' counsel] appropriately" for "the risk associated with contingent fees in FLSA cases.").

For the foregoing reasons, Plaintiffs respectfully request that the Court approve the parties' settlement, so order the stipulation of dismissal, and retain jurisdiction to enforce the terms of the settlement agreement. We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ D. Maimon Kirschenbaum*
D. Maimon Kirschenbaum

cc: Defendants' counsel (via ECF)

---

[2] D. Maimon Kirschenbaum graduated from Fordham University School of Law in 2005 and has worked at Joseph & Kirschenbaum LLP ("JK") since then. As a result of his accomplishments representing food service workers in New York City, he became a member/partner of the firm in May 2007. Mr. Kirschenbaum currently manages the firm, while also maintaining a docket comprised largely of individual and class/collective wage and hours lawsuits. His billable rate has been approved at $450 per hour. *See e.g.*, *Murphy v. Lajaunie*, No. 13 CV 6503, 2018 U.S. Dist. LEXIS 2221462, at *36 (S.D.N.Y. Feb. 2, 2018) (report & recommendation), *adopted by* 2019 U.S. Dist. LEXIS 25357 (S.D.N.Y. Feb. 15, 2019).

[3] Leah Seliger graduated from Georgetown University Law Center in 2002 and joined JK as an associate in the fall of 2018. Ms. Seliger previously worked for JK on a contract basis for approximately a year, and she has worked for several other law firms, including Latham & Watkins LLC and two employment law firms. Ms. Seliger has also worked for the City of New York Office of Labor Relations and the Supreme Court of Israel. We applied an associate rate of $350 to Ms. Seliger's work.